UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DERICK KENTRELL GREEN, SR., | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-176-HAB-SLC |
| M. MCGILL, et al., | |
| Defendants. | |

## ORDER

Derick Kentrell Green, Sr., was a prisoner at the Allen County Jail when he filed this lawsuit. ECF 1. Because an order sent to him at his last known address, the Allen County Jail, was returned to the court as undeliverable with a notation to return to sender because "[t]his person is not currently an inmate at the Allen County Jail" (ECF 4), Green was ordered to show cause by August 5, 2022, as to why this case should not be dismissed for not promptly notifying the court of his new address. ECF 6. He was cautioned that if he did not respond by that deadline, this case could be dismissed without further notice. *Id*.

The court acknowledged that if Green was no longer at the address listed for him on the docket, that order was unlikely to reach him. *Id*. However, it was possible he would attempt to determine the status of this case by visiting the clerk's office (if he had been released from custody) or by checking the online docket, in which case the order would have alerted him that he needed to take action before the harsh sanction of dismissal was imposed. *Id*. In addition, if the order was returned to the clerk as

undeliverable, that would serve as further confirmation that Green had failed to provide his current address. *Id*. Thus, the court believed that the show-cause order was appropriate notwithstanding the likelihood that it would not reach its intended recipient. *Id*. Ultimately, the show cause order did not reach him and was also returned as undeliverable. ECF 7.

The show cause deadline has passed, and Green has not replied to the order or responded to the court in any other way. As courts routinely observe, "[t]he demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (quotation marks and citation omitted). "[L]itigants, including prisoners, bear the burden of filing notice of a change of address . . .." *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quotation mark omitted). By all accounts, Green has abandoned this case.

For these reasons, this case is DISMISSED pursuant to Federal Rule of Civil Procedure 41(b). The clerk is DIRECTED to close this case.

SO ORDERED on August 9, 2022.

s/ Holly A. Brady  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT